UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>ALI & COMPANIES, LLC, a limited liability company, and ALI HAIDER, an individual,<br><br>    Defendants | Civil Action No.: |

## **COMPLAINT**

Pursuant to the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA" or "Act"), Plaintiff **Julie A. Su**, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the **Defendants Ali & Companies, LLC** ("Ali & Co."), and **Ali Haider** ("Haider") (collectively, "Defendants") from violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the FLSA (29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(5), 217); to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 16(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from November 17, 2020, through November 16, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3. Defendant Ali & Co. is a Michigan limited liability company within this Court's jurisdiction with an office at 105 Samuel Oaks Drive, Okemos, MI 48864, where it conducts business.

4. Defendant Ali & Co. operates four 7-Eleven convenience stores as a franchisee. The four 7-Eleven convenience stores are located at 311 Grove Street, East Lansing MI 48823; 918 E. Grand River, East Lansing, MI 48823; 8570 Homestead Dr., Zeeland, MI 49464; and 3013 Lansing Rd., Perry, MI 48872.

5. Defendant Haider is the sole owner and operator of Ali & Co. Defendant Haider is also the President of the Michigan 7-Eleven franchise association and a member of the U.S. Small Business Association of Michigan. Defendant Haider actively managed and supervised Ali & Co.'s operations, the four stores, and its employees. Among other things, Defendant Haider has hired and fired employees, set their work schedules, set their pay rates, and established policies and procedures for the 7-Eleven convenience stores.

6. Defendant Haider has acted directly or indirectly in Ali & Co.'s interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business in Shiawassee, Ottawa and Ingham counties, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

8. Ali & Co. is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Ali & Co. is an "enterprise engaged in commerce" under the FLSA because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

10. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants had a practice of paying employees their regular rates for all hours worked in excess of forty in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Defendants repeatedly violated Sections 11 and 15(a)(5) of the FLSA when they failed to keep complete and accurate records for employees who worked in excess of forty hours in a workweek. Defendants failed to maintain accurate records of all hours worked by employees and had numerous discrepancies between the hours worked recorded on timesheets and the hours worked recorded on payrolls maintained by Defendants. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

12. Moreover, Defendants repeatedly and willfully violated Sections 7 and 15(a)(2) of the Act, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct. Specifically, Defendants acted willfully when they:

      a.      Paid the employees directly with cash payments at their regular rates for all hours worked in excess of forty in a workweek;

      b.      Possessed timesheet records indicating that certain employees had worked in excess of forty hours in a workweek while payroll records reflected that employees were not paid for the hours worked in excess of forty.

      c.      Altered the hours worked on Defendants' payroll records so that most employees appeared to not have worked for more than forty hours in a workweek;

      d.      Instructed employees to not clock into the timekeeping system even though they were actually working.

## Remedies Sought

13.    As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

14.    Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

15.    Because Defendants repeatedly and willfully violated the FLSA, the Acting Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

    A.    Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 7, 11, 15(a)(2) and 15(a)(5) of the FLSA. 29 U.S.C. § 217(a).

    B.    Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

    C.    If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

    D.    Providing such other and further relief as may be necessary and appropriate.

    E.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Maulik Sharma
**MAULIK SHARMA**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Tel: (312) 353-0239
Email: sharma.maulik@dol.gov

**LOCAL COUNSEL:**

/s/ Kalen Pruss
Kalen Pruss
Assistant United States Attorney
Office of the United States Attorney
for the Western District of Michigan
P.O. Box 208
Grand Rapids, Michigan 49501
Email: Kalen.Pruss@usdoj.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor,*
*United States Department of Labor*

## **EXHIBIT A**

1. D. Cotton
2. A. DeYoung
3. M. Diaz
4. D. Dluzniewski
5. T. Driver
6. R. Miller
7. J. Plumb
8. H. Poort
9. S. Stanaway
10. J. Stoll
11. J. Underhill
12. C. Mills
13. D. Sroufe